DELAWARE TRUST COMPANY, a corporation of the State of Delaware, Trustee under the Last Will and Testament of LUCY MERRITT CARVIN, deceased,

*vs.*

OLIVE CARVIN CLEVELAND, EDWARD TERRENCE CARVIN, JEANNE CARVIN EDWARDS, and ALBERT MCLAVERTY.

*New Castle, September 16, 1948.*

Daniel F. Wolcott, of the firm of Southerland, Berl & Potter, for plaintiff.

C. Edward Duffy, of the firm of Logan, Duffy and

Boggs, for defendants Olive Carvin Cleveland and Edward Terrence Carvin.

*J. Rankin Davis*, for defendant Jeanne Carvin Edwards.

SEITZ, Vice-Chancellor: The problem of will construction confronting the court may be imagined when we consider that the will was drawn for the testatrix by a layman, who used a form procured from a law office and made such additions and modifications as he deemed appropriate.

The testatrix executed the original will on August 28, 1940, while she was under observation in a Philadelphia hospital. On January 13, 1941, she executed a codicil to her will and she died on January 28, 1941.

The will and codicil are rather elaborate, but in order to understand the problem presented, it is necessary to quote from them at some length. The pertinent provisions of the will are as follows:

"SIXTH: I own certain securities hereinafter listed, and said securities and property, together with the investments, reinvestments and proceeds thereof, and such other securities and property as may thereafter be received by the executor hereunder, are herein called the 'INVESTMENT FUND'. * * * The executor shall hold, manage, invest and reinvest the Investment Fund, collect the income therefrom, * * *. The executor shall use and apply the net income of the Investment Fund to the payment of $50.00 monthly to my sister, Olive Carvin Cleveland, and $50.00 monthly to my brother, Edward Terrence Carvin, for the period of seven calendar years following my death. If during the continuance of this investment fund, the net income payable to the estate from such investment fund is insufficient to cover the monthly payments to be made to Olive Carvin Cleveland and Edward Terrence Carvin, then the executor is authorized and empowered in his sole discretion to pay over unto Olive Carvin Cleveland and Edward Terrence Carvin, so much of the principal of the Investment Fund as may from time to time be required to make up such insufficiency of income. * * *

"NINTH: Following the lapse of seven calendar years after my death, such securities that may be then remaining in the investment fund, I hereby authorize and empower my executor, if he so elects, to convert into cash and to negotiate an instrument with some reliable

insurance company whereby the proceeds of the investment fund may be used to purchase annuities that will provide for a monthly payment as near to $75.00 or more to Olive Carvin Cleveland and as near to $75.00 or more to Edward Terrence Carvin for the rest of their natural lives, with the provision that should either die before the other, then such payments remaining to be paid the deceased shall become payable to the survivor. In the event that said Olive Carvin Cleveland and Edward Terrence Carvin should die before the principal of the insurance contract becomes exhausted, then such part or parts of the principal remaining to be paid shall be paid to my niece, Jeanne Carvin Edwards or her heirs, in a lump sum. * * *"

The pertinent provisions of the codicil follow:

"ITEM III. Wherever in my said Last Will and Testament reference is made to the 'Investment Fund' and the administration, possession and distribution of the income and principal thereof by my executor, I do now direct that said 'Investment Fund' shall constitute my residuary estate, and I do give, devise and bequeath the same unto Delaware Trust Company, a corporation of the State of Delaware, to hold, administer and distribute the net income and principal thereof as my Trustee with all of the duties, powers and compensation granted in my Last Will and Testament unto my executor for like services.

* * * * * *

"ITEM VI: Should any part of my trust estate remain upon the death of my brother, Edward Terrence Carvin, and my sister, Olive Carvin Cleveland, I direct that item Ninth of my said Last Will and Testament be modified to provide payments of Seventy-five Dollars ($75.00) per month to Jean Edwards in lieu of a lump sum payment to her and upon her death unto her issue, *per stirpes*, or, if there be no issue of the said Jean Edwards then living, unto my cousin Albert McLaverty, if living, or his issue, *per stirpes*, until the trust estate has been thereby exhausted."

Under Item Sixth of the will an "Investment Fund" was created. The executor Edward Carvin, brother of the testatrix, was given the management of the "Investment Fund", and directed to pay from the net income the sum of $50.00 a month to himself and to his sister Olive Cleveland for a period of seven calendar years following the death of the testatrix. If the net income proved insufficient to make such payments, the executor was authorized in his sole discretion to make up any insufficiency of income out of principal.

Under Item Ninth of the will, after the lapse of the seven calendar years mentioned in Item Sixth, the executor was authorized, if he so elected, to convert the investment fund into cash and to purchase annuities to provide a monthly payment "as near to $75.00 or more" to Olive Cleveland and to Edward Carvin for the rest of their lives. It was provided that if Olive and Edward died before the funds from the annuity contract were exhausted, then the balance was to be paid to the niece Jeanne Edwards or her heirs. The will did not indicate what the executor was to do in the event he did not elect to purchase the annuities.

By her codicil the testatrix directed that the "Investment Fund" should constitute her residuary estate, and she appointed the Delaware Trust Company as trustee "to hold, administer and distribute the net income and principal thereof as my Trustee with all of the duties, powers and compensation granted in my Last Will and Testament unto my executor for like services." She provided that should any part of her "trust estate" remain upon the death of her brother and sister, Item Ninth of her will should be modified to provide for certain payments to Jeanne Edwards and upon certain conditions to other relatives.

Seven calendar years have now elapsed since the death of the testatrix and no question as to operation of Item Sixth covering that period is here involved. The trustee has now reached the point where it must be advised as to its duties under Item Ninth of the will as modified by the codicil. At the termination of the seven calendar year period, the trustee only possessed sufficient money to purchase a joint survivorship annuity which would provide for monthly payments of about $33.50 during the joint lives of Olive Cleveland and Edward Carvin and during the life of the survivor.

The defendants Olive Cleveland and Edward Carvin contend that by virtue of the codicil to the will the testatrix left her residuary estate in trust and that the terms

of the trust are those which were to govern the annuity contract. They insist that under such terms they were each to receive $50.00 a month for the first seven years, and thereafter they each were to receive $75.00 a month and the survivor $150.00 a month for the balance of his life. They contend that the principal of the trust may be invaded to make such payments, and that any undistributed funds at the death of the survivor pass under Item VI of the codicil.

The defendant Jeanne Edwards, niece of the testatrix, argues that the codicil did not abrogate the provision of the will concerning the purchase of annuities, and since the residuary estate is not sufficient to purchase annuities which will produce anything near $75.00 a month during the life expectancies of the defendants Olive Cleveland and Edward Carvin, this provision of the will must fall. Since no other provision governing the disposition of the fund can be found in the will or codicil, she claims that the property must pass under the intestate laws of Delaware.[1]

I believe the problem can best be resolved by first eliciting the general intent of the testatrix with respect to the payments to her brother and sister. Under her will the testatrix desired to give her brother and sister each $50.00 a month for the first seven years. After that period she gave her executor (obviously acting as trustee) an election to purchase annuities. The will is silent as to the executor's duty in the event he did not so elect.

By her codicil the testatrix obviously intended to make a substantial change with respect to the investment fund mentioned in her will. However, the choice of language renders the problem of ascertaining her intent particularly difficult. In her codicil the testatrix converted the investment fund into her residuary estate, and then left her residuary estate in trust to be administered by a corporate trustee

---

[1] A default judgment was entered against the other defendant Albert McLaverty.

with the duties and powers originally granted her executor in her will.

In Item VI of the codicil it is stated that "Should any part of my trust estate remain upon the death of my brother, Edward Terrence Carvin, and my sister, Olive Carvin Cleveland, I direct that item Ninth of my said Last Will and Testament be modified to provide", and here she named the beneficiaries of any balance remaining. It is apparent from Item VI of the codicil that the testatrix contemplated the creation of a trust which would last during the lives of her brother and sister, or until the fund was exhausted. This conclusion is obviously at variance with any power to purchase annuities. Consequently, I conclude that the power bestowed upon the trustee under the codicil did not include the power granted the executor to purchase annuities. The fact that the testatrix substituted a corporate trustee for an individual adds support to this conclusion. The reference in Item VI of the codicil to a modification of Item Ninth of the will is directed to the identification of the beneficiaries of any balance remaining after the death of Edward Carvin and Olive Cleveland, and is therefore not inconsistent with an intent to abrogate the annuity provision of Item Ninth of the will.

I believe the provisions of the codicil creating a trust of her residuary estate which was to continue for the lives of her brother and sister if the fund was available, indicate that the testatrix was extending the terms of the trust created by Item Sixth of her will beyond the seven year period, and until the death of her brother and her sister. Consequently, I conclude that the trustee should continue to administer the trust under the terms created in Item Sixth of the will. This means that the sum of $50.00 a month should be paid to Olive Cleveland and Edward Carvin for the rest of their lives and the sum of $100.00 a month to the survivor for life. If the net income proves insufficient to make such payments, the trustee in its discretion may make up any insufficiency of income out of principal.

The trustee has no power to purchase annuities. After the deaths of Edward Carvin and Olive Cleveland, any balance should be distributed pursuant to Item VI of the codicil.

I have not relied upon the testimony which appears to indicate an intent on the part of the testatrix somewhat at variance with my conclusions. I have not done so because the language of the will does not permit the construction suggested, and some of the testimony would in any event be inadmissible as being testimony as to the intent of the testatrix in using certain language in the will and codicil. Moreover, no pertinent testimony was introduced with respect to the codicil.

An order accordingly will be advised on notice.

Note. The order entered in conformity with the foregoing opinion was modified and remanded for action in accordance with opinion of Supreme Court, to be reported in a subsequent volume of Delaware Chancery Reports. See 75 *A. 2d* 564.